# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ABBOTT POINT OF CARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-08-S-543-NE |
| | ) | |
| EPOCAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## VERDICT FORM

FILED
MAY 10 2012
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

**A.   INFRINGEMENT CLAIMS**

Do you find that Abbott has proven that it is more likely true than not true that every requirement of the following claims of the patents-in-suit is included in Epocal's accused product?

1. Claim 1 of the '824 patent?

    ☐ Yes    ☑ No

2. Claim 1 of the '664 patent?

    ☐ Yes    ☑ No

3. Claim 2 of the '664 patent?
    [NOTE: *Do not answer this question if your response to Question No. 2, concerning independent Claim 1 of the '664 patent, was "No."*]

    ☐ Yes    ☐ No

4. Claim 1 of the '416 patent?

☐ Yes   ☒ No

## B. CONTRIBUTORY INFRINGEMENT CLAIMS

NOTE: If Abbott does *not* prove that Epocal's device directly infringed one, or more than one, of the patents at issue in this case (*in words, if your answers to Questions No. 1 through 4 are all* "No"), then there can be no contributory infringement by any other entity; and, in that event, you should not answer Questions 5 through 8 below.

Do you find that Abbott has proven that it is more likely true than not true that Epocal contributed to the infringement of the following claims of the patents-in-suit (*in other words*, that Abbott has proved (*i*) that an Epocal customer infringed the patent claim then under consideration by you; (*ii*) that Epocal supplied an important component of the infringing part of the product; (*iii*) that the component was not a common component suitable for non-infringing use; and (*iv*) that Epocal supplied the component with knowledge of the patent then under consideration by you, and with knowledge that the component was especially made or adapted for use in an infringing manner)?

5. Claim 1 of the '824 patent?
[NOTE: *Answer this question only if your response to Question No. 1 was* "Yes."]

☐ Yes   ☐ No

6. Claim 1 of the '664 patent?
[NOTE: *Answer this question only if your response to Question No. 2 was* "Yes."]

☐ Yes   ☐ No

2

7. Claim 2 of the '664 patent?
[NOTE: *Answer this question only if your responses to Questions No. 2 and No. 3 were both "Yes."*]

☐ Yes    ☐ No

8. Claim 1 of the '416 patent?
[NOTE: *Answer this question only if your response to Question No. 4 was "Yes."*]

☐ Yes    ☐ No

C. INDUCING INFRINGEMENT CLAIM

NOTE: If Abbott does *not* prove that Epocal's device directly infringed Claim 1 of the '416 patent — *in other words, if your answer to Question No. 4 is "No"* — then there can be no induced infringement by another entity; and, in that event, you should not answer Question 9 below.

9. Do you find that Abbott has proven that it is more likely true than not true that Epocal induced another entity to infringe Claim 1 of the '416 patent (*in other words*, that Abbot has proven (*i*) that some entity, other than Epocal, directly infringed Claim 1 of the '416 patent; (*ii*) that Epocal intentionally took action that actually induced direct infringement by that other entity; and (*iii*) that Epocal knew that the actions it induced would be infringing)?

☐ Yes    ☐ No

D. TORTIOUS INFRINGMENT OF CONTRACT CLAIM

Do you find that it is more likely true than not true that Abbott has proven that Epocal tortiously interfered with the employment contracts of any of the following former employees of Abbott?

3

10. Dan McClain?

☐ Yes   ☑ No

11. Wendy Thompson?

☐ Yes   ☑ No

12. Mark Maund?

☐ Yes   ☑ No

13. Martin Berner?

☐ Yes   ☑ No

14. Peggy Wachowski?

☐ Yes   ☑ No

SO SAY WE ONE, SO SAY WE ALL, on this  *10th*  day of May, 2012.

_____
JURY FOREPERSON